UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JAMES COLEMAN, | No. 2:24-cv-00583-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PAMELA JEAN DOMINISSE, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate currently facing criminal prosecution. He proceeds without counsel in an action brought under 42 U.S.C. § 1983 challenging the conduct of his public defender and various other attorneys in the county public defender's office. ECF No. 1. In addition to filing a complaint, he also filed an application to proceed in forma pauperis. ECF No. 2.

### Application to Proceed in Forma Pauperis

Plaintiff's application does not make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Plaintiff indicates on the form that he receives money from outside sources but has left the portion of the form seeking a description of that money blank. ECF No. 2 at 2. The certificate portion is blank in the space indicated for the six-month average balance of plaintiff's institutional trust account (*id.*), and plaintiff has not submitted a trust account statement for that period.[1]

---

[1] Plaintiff has filed a motion for an extension of time to file the trust account statement. ECF No.

1

Accordingly, plaintiff's motion to proceed in forma pauperis is denied without prejudice to any future such motion plaintiff may file, should the district judge decline to adopt the below recommendation to dismiss the case without leave to amend.

### Motion Concerning Counsel

Plaintiff has filed a motion, docketed at ECF No. 3, and identified by the Clerk as a "motion for appointment of counsel." However, the motion seeks an order removing plaintiff's state-court-appointed public defender, defendant Dominisse. This request must be denied for the same reasons, provided below, that the court must dismiss this action.

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

10. Because the undersigned recommends dismissal of this action without leave to amend for failure to state a cognizable claim, it will deny the extension of time. Should the district judge decline to adopt the recommendation to dismiss the case, plaintiff may file a new in forma pauperis application to remedy the defects identified in this order.

action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that his public defenders in his pending criminal trial in Sacramento County Superior Court (currently defendant Dominisse and formerly defendant McCauhly) have provided ineffective assistance of counsel and otherwise violated his rights in the manner they have represented him.[2]

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's complaint (ECF No. 1) cannot survive screening because his attorneys, whether appointed or retained, are not state actors within the meaning of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (private individuals and entities do not act under color of state law).  Moreover, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

---

[2] Plaintiff also sues two supervisors in the public defender's office, John Bucklets and Kimberly Miller, although the complaint contains no factual allegations against these individuals.

In addition, a federal court will not intervene in a pending state criminal prosecution unless the plaintiff shows that he will suffer great and immediate irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46-49 (1971). *Younger* abstention in favor of a state proceeding is appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal claims. *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). When a federal court abstains from hearing a case under the *Younger* principle, it must dismiss the pending action without prejudice. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

*Younger* abstention is appropriate here. Plaintiff's complaint makes plain that his criminal case is ongoing. The state has an important interest in the adjudication of criminal cases. *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). Lastly, plaintiff may litigate the constitutional adequacy of his representation on appeal and through the state habeas process.

For these reasons, plaintiff's complaint must be dismissed for failure to state a claim upon which relief could be granted. Given the deficiencies, the court finds that leave to amend in this action would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted).

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED.
2. Plaintiff's motion concerning counsel (ECF No. 3) is DENIED.
3. Plaintiff's motion for extension of time (ECF No. 10) is DENIED.

Further, IT IS RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE